UNITED STATES DISTRICT COURT        JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7668-DMG (RAOx)** | Date | January 7, 2016 |
| Title | ***John Mullin, et al. v. General Motors, LLC*** | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO STAY CASE [15, 18]**

## I.
## INTRODUCTION

On December 13, 2014, seven Plaintiffs filed a Complaint in Los Angeles County Superior Court against Defendant General Motors LLC ("GM"), relating to injuries which they allege arose from defects in the ignition switches of GM vehicles.  [Doc. # 1-7.]  The Complaint alleges three state law causes of action for:  (1) strict liability; (2) negligence; and (3) breach of warranty.  Compl. ¶¶ 119–144.  GM was served with the Complaint on January 6, 2015.  Removal Notice ¶ 1.  [Doc. # 1.]

On September 30, 2015, GM removed the action to this Court, asserting subject matter jurisdiction on the basis of diversity of citizenship, 28 U.S.C. §§ 1332, 1441, and 1446.  [Doc. # 1.]

GM contends that the instant case is related to Multidistrict Litigation ("MDL") pending in the Southern District of New York.  Removal Notice ¶ 5; *see also id.*, Ex. A.  On October 5, 2015, GM submitted to the United States Judicial Panel on Multidistrict Litigation ("JPML") a Notice of Tag-Along Action, seeking to transfer the action to MDL No. 2543.  Mot. for Stay, Ex. B [Doc. # 18.]  On October 8, 2015, JPML issued an order conditionally transferring this case to the MDL.  *Id.*, Ex. C.  On October 13, 2015, Plaintiffs filed a notice of opposition to the conditional transfer order, effectively staying the order.  *In Re: General Motors LLC Ignition Switch Litigation*, MDL No. 2543 (J.P.M.L. Oct. 13, 2015) [Doc. # 828]; *id.* [Doc. # 823] (conditional transfer order stayed if notice of opposition filed within ensuing 7-day period).[1]

---

[1] Plaintiffs filed a Motion to Vacate the conditional transfer order.  *Id.* [Doc. # 829.]  On December 16, 2015, the JPML designated the matter suitable for decision without oral argument and, to date, the motion remains pending.  *Id.* [Doc. # 878 at 13.]

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7668-DMG (RAOx)** | Date | January 7, 2016 |
| Title | *John Mullin, et al. v. General Motors, LLC* | Page | 2 of 7 |

On October 19, 2015, Plaintiffs filed a Motion to Remand the case to Los Angeles County Superior Court. [Doc. # 15.] On November 20, 2015, GM filed its opposition to the motion. [Doc. # 19.] Plaintiff filed a reply on November 30, 2015. [Doc. # 21.]

On November 20, 2015, GM filed a Motion to Stay the case pending a decision on transfer by the JPML. [Doc. # 18.] On December 18, 2015, Plaintiffs opposed GM's Motion to Stay. [Doc. # 25.] On December 23, 2015, GM filed a reply. [Doc. # 29.]

The Motion to Stay and Motion to Remand were originally scheduled for hearing on January 8, 2015. The Court deems these matters suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiffs' Motion to Remand is **GRANTED**, GM's Motion to Stay is **DENIED** as moot, and this action is **REMANDED** to Los Angeles County Superior Court.

## II.
## DISCUSSION

### A. Order of the Motions

The Ninth Circuit has made clear that courts should "address subject matter jurisdiction at the outset in the 'mine run of cases,' and reach other issues first only where the jurisdictional issue is 'difficult to determine,' and the other ground is relatively 'less burdensome.'" *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) (citation omitted). Additionally, this Court will not perfunctorily stay a case merely because a party has submitted a motion to the MDL for transfer and consolidation. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); JPML Rule 2.1(d) ("The pendency of a motion . . . [or] conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). The decision to grant or deny a stay is within the district court's discretion. *Rivers,* 980 F. Supp. at 1360.

Here, the parties dispute the order in which the Court should rule on the motions. GM argues that the Court should address the Motion to Stay first and decline to rule on Plaintiffs' Motion to Remand or, alternatively, deny Plaintiffs' Motion to Remand and grant the Motion to Stay. Mot. to Stay at 12; Opp. to Remand at 6. GM suggests that the MDL court is in the best position to decide Plaintiffs' remand motion and deferring to the MDL court would promote judicial efficiency while preventing inconsistent rulings on the same jurisdictional issue. Opp. to

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7668-DMG (RAOx)** | Date | January 7, 2016 |
| Title | *John Mullin, et al. v. General Motors, LLC* | Page | 3 of 7 |

Remand at 10. Plaintiffs argue that this Court should address the "routine" motion to remand first as "[d]istrict courts are courts of limited jurisdiction and the Court has an obligation to assure itself of its jurisdiction." Remand Reply at 6.

The Court must first address the jurisdictional issue before deciding GM's Motion to Stay. *Cf. Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) ("[I]t is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended."). In any event, the Court does not consider the jurisdictional issue in this action to be "difficult to determine" or outside the "mine run of cases," and thus, the Court will consider Plaintiffs' Motion to Remand first. This approach is consistent with that of other courts in this circuit. *See, e.g.*, *Perry v. Luu*, 2013 WL 3354446, at *3 (E.D. Cal. July 3, 2013) (addressing motion to remand before motion to stay pending determination by JPML); *Goodwin v. Kojian*, 2013 WL 1528966, at *2 (C.D. Cal. Apr. 12, 2013) (same).

### B. Motion to Remand

Pursuant to 28 U.S.C. section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties. For diversity purposes, a corporation is deemed to be a citizen of both the state by which it has been incorporated and the state where it has its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)). A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*) (internal quotation marks omitted)).

Here, Plaintiffs contend that complete diversity is lacking on the face of the Complaint. Mot. to Remand at 4. The Complaint is brought on behalf of seven Plaintiffs: two Nevada citizens, one Virginia citizen, one California citizen, one Georgia citizen, and two Michigan citizens. Compl. ¶¶ 4-10. GM is a Delaware limited liability company with its principal place of

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7668-DMG (RAOx)** | Date | January 7, 2016 |
| Title | *John Mullin, et al. v. General Motors, LLC* | Page | 4 of 7 |

business in Michigan. Removal Notice ¶ 13. Therefore, for purposes of diversity jurisdiction, GM is a "citizen" of Delaware and Michigan. Because GM and two Plaintiffs are citizens of Michigan, diversity of citizenship appears to be absent on the face of the Complaint.

On February 5, 2015, one month after it was served with Plaintiffs' initial complaint, GM filed a motion in state court to dismiss the Michigan and Georgia Plaintiffs' claims for *forum non conveniens* pursuant to state law ("Mot to Dismiss"). [Doc. # 1-10.] On September 3, 2015, the Los Angeles Superior Court granted GM's motion to dismiss as to the Michigan and Georgia Plaintiffs without prejudice. [Doc. # 1-24.] Within 30 days of the state court's dismissal, GM removed the case to this Court on September 30, 2015. Plaintiffs subsequently filed a Notice of Appeal of the Superior Court's decision on October 13, 2015. Friedman Decl. ¶¶ 3-4, Ex. 1 [Doc. # 15-1.] That appeal remains pending.

### 1. Voluntary-Involuntary Rule

"[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Id.* at 657 (citing *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898); *see also People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) ("Since a voluntary act by the plaintiff has not rendered the case removable, it must remain in state court."). Where a case is not removable when commenced, the case can only become removable on diversity grounds "by the voluntary dismissal or nonsuit by [plaintiff] of a party or of parties defendant." *Self*, 588 F.2d at 659 (internal citations omitted). A nonremovable case cannot be converted into a removable one "by an order of the court upon any issue tried upon the merits." *Id.*; *see also Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918) (internal citations omitted).[2]

Here, the Michigan Plaintiffs were dismissed by an order of the Superior Court, not by Plaintiffs' voluntary action. Under the voluntary-involuntary rule, this did not render the case removable, and removal to the district court was improper. GM acknowledges that "[a]lthough dismissal of a non-diverse party ordinarily will not create diversity jurisdiction, . . . an exception

---

[2] Such a rule "protect[s] against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal . . . producing renewed lack of complete diversity in the state court action . . . ." *See, e.g.*, *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980) (internal citations omitted). Indeed, in this case, Plaintiffs seek to reverse the Superior Court's ruling before the California Court of Appeal.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7668-DMG (RAOx)** | Date | January 7, 2016 |
| Title | *John Mullin, et al. v. General Motors, LLC* | Page | 5 of 7 |

to this rule arises when the non-diverse party has been fraudulently joined." Removal Notice ¶ 22.

According to GM, because Plaintiffs fraudulently joined the Michigan Plaintiffs "solely for the purpose of defeating diversity and avoiding transfer," removal is proper. *Id.* ¶ 23.

### 2. Fraudulent Misjoinder

An exception to the voluntary-involuntary rule exists where the non-diverse party has been fraudulently joined. *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119-20 (N.D. Cal. 2011) (citing *Self*, 588 F.2d at 656). Under that scenario, the court may ignore the presence of the so-called "sham party" for the purpose of determining the existence of diversity. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation omitted). There is, however, a "general presumption against fraudulent joinder" in addition to "the strong presumption against removal jurisdiction." *Id.* at 1046.

Under the federal removal statute, a defendant may remove an action within 30 days of receipt, "through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Removals based on fraudulent joinder or misjoinder are subject to the time limitations set forth in 28 U.S.C. section 1446.[3] *See, e.g.*, *Rollins v. Fresenius USA, Inc.*, 2014 U.S. Dist. LEXIS 16761, at *13 (C.D. Cal. Feb. 4, 2014) (finding "no support for the claim that removal on the basis of fraudulent joinder is possible outside of the initial 30-day limit imposed by § 1446(b)(1)"); *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1120 (N.D. Cal. 2011) ("Defendant was able to determine that the Commissioner was fraudulently joined when it was served with the complaint . . . . Therefore, under 28 U.S.C. § 1446(b), it was required to remove within thirty days of service."). If a case is not removable on the basis of the initial pleading, a defendant may later remove within 30 days of receipt "of a copy of an amended

---

[3] GM at different points refers interchangeably to both "fraudulent joinder" and "fraudulent misjoinder." *See, e.g.*, Removal Notice ¶ 24 ("As the fact of fraudulent joinder is undisputed, removal is proper."); Opp to Remand at 12 ("Michigan Plaintiffs were fraudulently, or procedurally, misjoined for the sole purpose of defeating removal to federal court"). There is, however, a difference. In a fraudulent joinder claim, a diverse defendant contends that a plaintiff joined a non-diverse defendant against whom the plaintiff has no real claim in order to defeat federal jurisdiction. In contrast, fraudulent misjoinder occurs when a plaintiff adds potentially valid claims to the complaint—either claims by other non-diverse plaintiffs or claims against other non-diverse defendants—which do not comport with permissive joinder rules. *Keune v. Merck & Co. (In re Propecia (Finasteride) Prod. Liab. Litig.)*, 2013 U.S. Dist. LEXIS 117375, at *34 (E.D.N.Y. May 17, 2013). Although the Court acknowledges this distinction, "the difference is not applicable to the time frame within which removal is allowed." *Utica Mut. Ins. Co. v. Am. Re-Insurance Co.*, 2015 U.S. Dist. LEXIS 54384, at *12-13 (N.D.N.Y Apr. 27, 2015) (applying section 1446(b)'s 30-day removal period to removal based on fraudulent misjoinder).

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7668-DMG (RAOx)** | Date | January 7, 2016 |
| Title | *John Mullin, et al. v. General Motors, LLC* | Page | 6 of 7 |

pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In other words, "[w]hen the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).

Here, in addition to challenging the merits of GM's removal based on a fraudulent misjoinder theory, Plaintiffs contend that GM's notice of removal is untimely "as all of the same facts and information used in its Notice of Removal have been known for many months prior to filing for removal." Mot. to Remand at 8. The Court agrees. GM had to remove the case by February 5, 2015, or 30 days after service, to be timely. *Id.*; *cf. Rollins*, 2014 U.S. Dist. LEXIS 16761, at *13 ("the Court has been unable to locate, any Ninth Circuit precedent that supports application of anything other than the first paragraph of 1446(b) to a fraudulent joinder case,' even where 'a diverse defendant [] claims it was not able to ascertain that a nondiverse defendant was fraudulently joined until . . . more than thirty days after the diverse defendant was initially served'") (quoting *Verduzco v. Ford Motor Co.*, 2013 WL 6053833, at *2 (E.D. Cal. Nov. 15, 2013)).

Even assuming that GM may seek fraudulent misjoinder removal outside of the initial 30-day period under section 1446(b)(1), the Court finds that GM nonetheless exceeded the second 30-day time limit under section 1446(b)(3). On February 5, 2015, GM filed a motion to dismiss claims by the Michigan Plaintiffs. In its state court brief, GM stated that the "Michigan Plaintiffs' decision to file suit in this State *can only be explained* by forum shopping and a desire to avoid federal diversity jurisdiction, which is not a legitimate basis for maintaining their actions in this Court." Mot. to Dismiss at 7 (emphasis added); *see also id.* at 15 ("It appears that this case was filed in California solely to defeat federal diversity jurisdiction by joining a Michigan resident as a plaintiff."). Thus, the evidence shows that GM knew about what it contends to be a fraudulent misjoinder at least as of February 5, 2015. Generously assuming GM "first ascertained" this case's removability on that date, section 1446(b)(3) required GM to file its removal notice by March 7, 2015. Because GM did not remove this action until September 30, 2015, its removal is untimely.[4] Accordingly, the Court **GRANTS** Plaintiffs' motion to remand.

---

[4] GM argues that removal is timely because "removal is not possible until the misjoined parties are dropped from an action." Opp. to Remand at 13. To support this proposition, GM cites to *dicta* from *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 n.10 (E.D. Cal. 2004) (quoting 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure: Jurisdiction 3d* § 3723, at 656 (3d ed. 1998), which is not binding on this Court. *See also Dekalb v. C.R. Bard, Inc.*, 2013 U.S. Dist. LEXIS 189089, at *11-14 (C.D. Cal. Oct.

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7668-DMG (RAOx)** | Date | January 7, 2016 |
| Title | *John Mullin, et al. v. General Motors, LLC* | Page | 7 of 7 |

### III.
### CONCLUSION

In light of the foregoing, Plaintiffs' Motion to Remand is **GRANTED**, Defendant's Motion to Stay Case is **DENIED** as moot, and this action is hereby **REMANDED** to Los Angeles County Superior Court. The January 8, 2016 hearing on the motions and the scheduling conference are **VACATED**.

**IT IS SO ORDERED.**

---

8, 2013) (the "fraudulent misjoinder" doctrine has received a "tepid" response outside the Eleventh Circuit, and has not been adopted by the Ninth Circuit).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |